IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBY DEWEY WILLIAMS, JR., : | |
| Plaintiff, : | CIVIL ACTION |
| v. : | |
| UNDERCOVER OFFICER EDWIN SANTIAGO, CI, POLICE OFFICER JUSTIN UCZYNSKI, POLICE OFFICER JEFFREY STONE, POLICE OFFICER DARREN GRABOSKIE, and POLICE OFFICER ROBERT GILBERT : | NO. 04-4841 |
| Defendants. : | |

<u>MEMORANDUM AND ORDER</u>

CHARLES B. SMITH
CHIEF UNITED STATES MAGISTRATE JUDGE

The motion currently before the Court stems from the entry of a default judgment, on June 1, 2006, against defendants as to liability. In an effort to resuscitate their case, defendants have moved to set aside this default judgment. Having considered the parties' written briefs as well as their oral argument on the issue, the Court declines to exercise its discretion to set aside the judgment of default.

I.  PROCEDURAL HISTORY

On October 22, 2004, plaintiff filed a complaint in the above-referenced action alleging that the five defendant officers used excessive force when effectuating his arrest, in violation of his federal civil rights and state common law. Following some initial motions and the filing of defendants' answer, the parties proceeded into the discovery phase. On January 13, 2006, plaintiff filed a motion to compel defendants' answers to his first and second sets of discovery requests sent in August and November 2005 respectively, claiming that defendant either completely failed to respond or provided inadequate

responses to discovery requests. Defendants submitted no answer to the motion and, in absence of any opposition, the Court granted the motion. On April 21, 2006, plaintiff submitted another motion to compel, this time seeking defendants' responses to his third set of discovery requests. The motion alleged that defendants not only failed to provide complete responses to this discovery, but had yet to provide full responses to the first two sets of discovery requests. Again, defendants filed no response. As such, the Court entered a second order compelling defendants to respond to plaintiff's third set of discovery requests within seven days, *i.e.* by May 19, 2006, "or otherwise suffer a judgment by default." When no response was forthcoming from defendants, the Court, on June 1, 2006, entered a default judgment as to liability. Eleven days later, and only three days prior to jury selection, defendants moved to set aside the default judgment. It is to this motion we now turn.

II.   DISCUSSION

Under Federal Rule of Civil Procedure 55(c), a default judgment order can be set aside in accordance with the standard set forth in Rule 60(b). FED R. CIV. P. 55(c); East Coast Exp., Inc. v. Ruby, Inc., 162 F.R.D. 37, 39 (E.D. Pa. 1995). Fed. R. Civ. P. 60(b) then provides that:

> (b) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . .

Although doubtful cases should be decided in favor of setting aside the entry of default judgment so that they may be decided on their merits, the decision to open a default judgment is left to the discretion of the district court. Harad v. Aetna Casualty & Surety Co., 839 F.2d 979, 982 (3d Cir. 1988). The Third Circuit has mandated that, when deciding whether or not to vacate a default judgment, the district court must consider four factors, as follows:

1. Whether the defendant has a *prima facie* meritorious defense to the underlying action;

2. Whether the plaintiff will be prejudiced if the judgment is vacated;

3. Whether the defaulting defendant's conduct is excusable or culpable; and

4. The effectiveness of alternative sanctions

Emascos Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir. 1987); $ 55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). Cognizant of the Third Circuit's dictate that the district court make explicit findings concerning these factors, we now address each one individually.

    A.    Meritorious Defense

"The threshold issue in opening a default is whether a meritorious defense has been asserted," Hritz v. Woma Corp., 732 F.2d 1178, 1191 (3d Cir. 1984). The logic reasons that if defendant has no chance of prevailing, there is no need to set aside the judgment. $55,518.05 in U.S. Currency, 728 F.2d at 194-195. A meritorious defense is established if the defendant's allegations would be a complete defense to the action if established at trial. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir.1984). A general denial is insufficient to overturn a default. Cassell v. Philadelphia Maintenance Co., 198 F.R.D. 67, 69 (E.D. Pa. 2000). On the other hand, the defendant need not establish the merit of its defense; rather he must assert facts sufficient to support the existence of a *prima facie* meritorious defense. Id..

In this case, defendants have denied all of plaintiff's allegations and claimed that the use of force against plaintiff was justified to effectuate his arrest. See Answer to Amended Complaint at ¶¶ 11-12. Further, they set forth numerous affirmative defenses which establish an absolute bar to their liability. See Answer at pp. 9-14. The case then turns strictly on credibility: that of plaintiff's versus that of the defendant officers. If the jury chose to credit the defendants' testimony, then defendants could prevail.

3

Therefore, this first factor counsels in favor of setting aside the default.

  B.  Culpability of Defendants

Defendants do not fare as well, however, under the next factor – culpability.  The standard for culpability is "willfulness" or "bad faith" on the part of the defendant.  Hritz, 732 F.2d at 1182.  "[M]ore than mere negligence [must] be demonstrated."  Id. at 1183.  "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard."  Id.; see also  Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., Civ. A. No. 05-1031, 2006 WL 623074, *3 (3d Cir. March 14, 2006).  Courts in this circuit have found lack of culpability only where the mistakes were innocent, accidental or somehow excusable.  Emasco, 834 F.2d at 75 (finding no culpability where the defendant was not notified of a court conference, he was only given two days to give an answer, and his counsel was misinformed about what was required); East Coast Exp. 162 F.R.D. at 40 (holding that failure of defendant to answer was not an attempt to avoid litigation, but resulted from a misunderstanding as to the means by which proper service is achieved, and thus was excusable neglect); Chase Manhattan Bank v. Iridium Africa Corp., Civ. A. No. 00-564, 2002 WL 732070, *4 (D. Del. April 5, 2002) (finding excusable neglect where defendant failed to respond to suit under good faith belief that it was never properly served).

In light of the inculpatory procedural history in this matter, defendants stand hard-pressed to prove either innocence or excusable neglect.  Indeed, defendants did not merely miss deadlines, but repeatedly ignored discovery requests, motions, court orders compelling discovery and scheduling orders.  On two occasions, plaintiff had to file motions to compel answers to disregarded discovery requests.  Following the first motion – to which defendants did not bother to respond – the Court granted plaintiff's requested relief.  Following the second motion – to which defendants again failed

to respond – the Court again granted relief, but this time warned that noncompliance after seven days, *i.e.* by May 19, 2006, would result in default judgment. Notwithstanding the unqualified notice provided by the Court, defendants still failed to submit the mandated discovery.[1] To compound matters, they then ignored the May 24, 2006 deadline for filing their pre-trial memorandum without seeking an extension of time.[2] As a result of these failures, the Court entered the unequivocally promised default judgment on June 1, 2006.[3] While they should have been neither surprised nor unprepared for such an order, defendants again failed to immediately act; instead they waited until June 13, 2006, two days prior to jury selection, to move to reopen the default judgment. In that motion, defense counsel openly conceded his errors and his repeated unjustified failures to respond to court-imposed deadlines. His only excuse was that he did not have adequate resources to defend against the zealous advocacy of plaintiff's firm. Aside from the fact that the Court finds no excessive or unreasonable litigation tactics employed by plaintiff's counsel, such claims far from excuse defendants' complete failure to litigate this case, particularly in light of their own concession that the matter is a "simple one of credibility."[4] So shocking was defense counsel's behavior, the Court is left to wonder whether counsel's inaction was

---

[1] Defendants claimed to have faxed the ordered discovery on June 1, 2006. Aside from the fact that it was already two weeks late, the responses, as indicated by plaintiff and not denied by defendants, were grossly incomplete.

[2] Defendants ultimately filed their pretrial memorandum on June 5, 2006. While they claim to have mailed it on June 1, 2006 – one day prior to the mailing of the default judgment – that fact is of no moment. Defendants were obligated to *file* their pretrial memorandum by May 24, 2006. The fact that they simply put it in the mail – obviously without using any priority mailing service – one week later does not change the fact that it was late.

[3] Defendants suggest that although the Court's default judgment order was mailed on June 2, 2006, they did not receive it until June 8, 2006. The Court finds it difficult to accept that a mailing from Philadelphia to Reading took six days. In any event, defendants were clearly forewarned that a failure to comply with the Court's May 12, 2006 order would result in default judgment being entered as early as May 19, 2006. Knowing that they had not so complied, defendants should have been on the alert for such an order – an easy task in these days of electronic docketing.

[4] See Defendant's Memorandum in Support of Motion to Set Aside Default Judgment, p. 2.

a calculated stratagem to avoid putting the five defendants on the stand. In any event, as defendants' conduct rises past mere negligence to the level of recklessness and bad faith, this factor advocates against reopening the judgment.

### C.     Prejudice to Plaintiffs

The same holds true with respect to the third factor – prejudice to plaintiffs. Prejudice occurs when relief would hinder the plaintiff's ability to pursue his claims through, for example, loss of evidence, increased potential for fraud, or substantial reliance on the default. See Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 657 (3d Cir. 1982). "Delay in realizing satisfaction on a claim rarely constitutes prejudice sufficient to prevent relief." Id. at 656-657.

Plaintiff, in this case, has alleged cognizable prejudice. As both parties agree, the outcome of this case hinges entirely on credibility. The number of defendants, coupled with their status as police officers and plaintiff's status as a convicted criminal, certainly lends some bias towards the defense in terms of this credibility question. Accordingly, plaintiff's success in a liability case depends in large part on his ability to impeach and discredit the defendants' stories through the materials received in discovery. Despite repeated phone calls and letters by plaintiff, court orders and threats of default judgment, however, defendants have invariably failed to supply the necessary discovery, including evidence regarding inconsistencies in their stories, other allegations of civil rights violations against them, reports issued by the Use of Force Review Board and phone records reflecting communications among the defendants after the incident. Nor have defendants provided this Court with any assurance that reopening the default judgment will result in all appropriate materials being sent to plaintiff. In fact, during oral argument defense counsel simply suggested that plaintiff had other grounds on which to test the credibility of the defendants. As it is not up to defense counsel to dictate plaintiff's case

strategy, this argument fails to mitigate this Court's finding of prejudice.

    D.    <u>Alternative Sanctions</u>

The final inquiry for this Court asks whether alternative sanctions, in place of default, would achieve the same result. In the past, this Court has required a defaulting defendant to compensate the plaintiff for the costs in defending against a motion to set aside the default judgment and to deter a defendant from failing to answer in the future. <u>Foy v. Dicks</u>, 146 F.R.D. 113, 117-118 (E.D. Pa. 1993). When doing so, the Court hoped to deliver a "wake-up call" to defaulting attorneys to avoid future negligent misconduct. <u>Id.</u> at 118. In this case, however, we do not possess the same hope that alternative sanctions will serve as a deterrent, particularly in light of the fact that defendants' counsel repeatedly ignored this Court's warnings. Further, as discussed in detail above, such sanctions still fail to achieve the primary goal – assuring that plaintiff can fully and fairly litigate his case with all necessary evidence. Thus, this last factor again compels us to find that the default should remain intact.

    E.    <u>Conclusion</u>

While the Court remains cognizant of the bias against default judgments, we find ourselves constrained by the litigation techniques pursued by defense counsel. Had he at least sought extensions of time, acknowledged some of this Court's orders or even responded with some urgency and thorough legal briefing to the entry of the default judgment, we may have been somewhat more sympathetic to his motion. Absent sufficient justification for reopening and given the fact that plaintiff would suffer a detriment, however, the Court simply cannot excuse defendants' neglect.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BOBBY DEWEY WILLIAMS, JR., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNDERCOVER OFFICER EDWIN SANTIAGO, CI, POLICE OFFICER JUSTIN UCZYNSKI, POLICE OFFICER JEFFREY STONE, POLICE OFFICER DARREN GRABOSKIE, and POLICE OFFICER ROBERT GILBERT | : | NO. 04-4841 |
| | : | |
| Defendants. | : | |

### ORDER

AND NOW, this    22nd    day of *June,* 2006, upon consideration of Defendants' Motion to Set Aside Judgment by Default as to Liability (Doc. No. 46) and Plaintiff's response thereto, and having held oral argument on the Motion, it is hereby ORDERED that the Motion is DENIED.

It is so ORDERED.

BY THE COURT:

/s/ Charles B. Smith
CHARLES B. SMITH
CHIEF UNITED STATES MAGISTRATE JUDGE

8